# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0006, <u>State of New Hampshire v. John Decker Spitz</u>, the court on September 4, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, John Decker Spitz, who has a July birthday, appeals the finding by the Circuit Court (<u>Steckowych</u>, J.) that he failed to obey vehicle inspection requirements in violation of RSA 266:5 (2014) by driving his vehicle on August 12, 2019, with an expired inspection sticker. On appeal, he contends that he complied with those requirements because his vehicle was inspected on August 6, although it failed inspection. We affirm.

Resolving the issues in the defendant's appeal requires that we engage in statutory interpretation. We review the trial court's statutory interpretation <u>de novo</u>. <u>State v. Mfataneza</u>, 172 N.H. 166, 169 (2019). When interpreting a statute, we look first to the statutory language and, if possible, construe that language according to its plain and ordinary meaning, in the context of the entire statutory scheme. <u>Id</u>. We neither ignore the statute's language nor add words that the legislature did not include. <u>Id</u>.

Under RSA 266:1 (2014), annual inspections of motor vehicles may be required to determine whether such vehicles are "fit to be driven." RSA 266:1, I. Such inspections must take place "during the month in which the birthdate of the owner is observed, if the owner is a natural person." RSA 266:1, II. RSA 266:5 sets forth the penalties for failing to obey inspection requirements and provides that "[t]he driver or owner of any motor vehicle failing to comply with the requirements . . . relative to inspection shall be guilty of a violation," and that the registration of any motor vehicle "which has not been inspected as required or which is unsafe or unfit to be driven" may be suspended or revoked. Under RSA 266:5, "no person shall be charged with a violation . . . until a period of 10 days has elapsed from the date the inspection was due." RSA 266:5 further provides that "[i]t shall be a rebuttable presumption that a vehicle that is required to be inspected is in violation of this section if the vehicle fails to display a valid inspection sticker."

Here, the defendant was required to have his vehicle inspected by July 31, 2019, because he has a July birthday. However, it is undisputed that his vehicle was not inspected until August 6, that it failed the safety inspection at that time, and that he drove it on August 12 with an expired inspection sticker.

Under these circumstances, the trial court did not err by finding the defendant guilty of violating the vehicle inspection requirements. We disagree with the defendant that the statutory scheme allowed him to drive his vehicle on August 12 with an expired inspection sticker. The defendant's inspection was due on July 31, and August 12 is more than 10 days "from the date the inspection was due." RSA 266:5.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
